**KAUFMAN DOLOWICH, LLP**
AIMEE G. HAMOY (SBN 221228)
180 Grand Avenue, Suite 995
Oakland, California 94612
Telephone: (510) 634-7640
Facsimile: (415) 926-7601
E-mail: ahamoy@kaufmandolowich.com

Attorneys for Defendant
SAFEGRAPH, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE, et al., | Case No.: 23CV04277 VC |
| Plaintiffs, | **DEFENDANT SAFEGRAPH INC.'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM ORDER FOR STAY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)** |
| v. | |
| SANTA CLARA COUNTY, et al., | |
| Defendants. | Date: June 6, 2024<br>Time: 10:00 AM<br>Judge: Hon. Vince Chhabria<br>Courtroom: Courtroom 4-17th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on June 6, 2024, at 10:00 AM, or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 4 on the 17th Floor, of Judge Vince Chhabria, Aimee Hamoy, for and on behalf of Defendant SafeGraph, Inc., will and hereby does move the Court to grant SafeGraph relief from the Order for Stay pursuant to Federal Rule of Civil Procedure 60(b) to allow this Court to rule on SafeGraph's Motion to Dismiss for lack of subject matter jurisdiction. SafeGraph's Motion to Dismiss disputes Plaintiffs' standing to bring suit against SafeGraph. This threshold jurisdictional

issue was not referenced in the Court's Order Staying this case. If this Court lacks subject matter jurisdiction, the Court lacks the ability to enter the Order Staying the case. Entering the Stay without first ruling on the standing issue raised by SafeGraph constitutes a mistake under Federal Rule of Civil Procedure 60(b)(1) or a sufficient reason for relief under Rule 60(b)(6).

This motion is based on this notice of motion and the memorandum of points and authorities filed herewith, the pleadings and papers on file herein, and upon such other evidence as may be presented to the Court at the time of the hearing.

DATED: May 6, 2024                                       KAUFMAN DOLOWICH, LLP

By: /s/ Aimee G. Hamoy

Aimee G. Hamoy
Attorneys for Defendant
SAFEGRAPH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

### A.    Factual Background

This case arises from the alleged collection of anonymized geolocation data of Plaintiffs' members. Importantly, the alleged data collection is not alleged to have been undertaken by SafeGraph, but by various third-party apps or by Google. FAC ¶¶ 55-85. Plaintiffs allege the collection of its members' data constitutes a search for purposes of the Fourth Amendment. Once collected by third-party apps and Google, Plaintiffs allege *those* entities sold *their* users' data to third parties, like SafeGraph. Plaintiffs allege the County of Santa Clara ("the County") engaged Defendant Daniel Ho to provide an expert analysis of SafeGraph's statistical datasets in connection with the County's legal enforcement of its COVID-19 public health orders. Plaintiffs' First Amended Complaint raises causes of action against SafeGraph, Stanford Professor Daniel Ho, and the County under the Fourth and First Amendments related strictly to the alleged data collection.

### B.    Procedural Background

SafeGraph and the County filed Motions to Dismiss Plaintiffs' First Amended Complaint. Specifically, SafeGraph's Motion to Dismiss (Dkt. 34 "Motion") argues Plaintiffs lack Article III standing, Plaintiffs' claims are barred by the applicable statute of limitations, and Plaintiffs failed to state a claim under 42 U.S.C. §1983. On February 15, 2024, this Court entered an Order staying this case "pending the appeal in *Calvary Chapel San Jose v. Cody*, No. 20-cv-3794-BLF (N.D. Cal.)." (Dkt. 57) ("Stay Order"). The instant motion requests the Court's reconsideration of its Stay Order only as to SafeGraph's arguments regarding Plaintiffs' lack of Article III standing, which challenge this Court's jurisdiction and must be addressed as a threshold matter.

### C.    The *Cody* Appeal

On March 23, 2023, the Plaintiffs in this action filed an appeal of an Order granting dismissal and stay under *Younger* abstention, entered by the Northern District of California in the separate case, *Cody*, No. 20-cv-3794-BLF (N.D. Cal.). On April 16, 2024, the U.S. Court of Appeals for the Ninth Circuit affirmed the *Cody* court's Order granting dismissal and *Younger* abstention ("*Cody* Order").

A copy of the Ninth Circuit's *Cody* Order is attached hereto as Exhibit "A." Plaintiffs have represented they intend to request a further stay of this matter while they seek *en banc* review of the *Cody* Order.

The *Cody* Order does not impact SafeGraph's Motion in this case. SafeGraph is not a party in the *Cody* case. Moreover, neither the *Cody* case nor the subsequent appeal and Ninth Circuit *Cody* Order raise, reference, or in any way mention Plaintiffs' claims against SafeGraph in this case and do not present any questions whose resolution would be dispositive to Plaintiffs' failure to establish standing against SafeGraph.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> … or
>
> (6) any other reason that justifies relief.

Whether Rule 60(b) applies is within the discretion of district courts. *United States v. 87 Skyline Terrace*, 26 F.3d 923, 929 (9th Cir. 1994). A motion under Rule 60(b)(1) is the proper vehicle for correction of a judicial mistake. *See Gila River Ranch, Inc. v. U.S.*, 368 F.2d 354, 356-357 (9th Cir. 1966). As a general matter, Rule 60(b)(1) is "remedial in nature and … must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). On the other hand, Rule 60(b)(6) is a catch-all provision that allows a court grant relief from a final judgment, order, or proceeding for "any other reason that justifies relief."

A court that may lack subject matter jurisdiction to entertain a claim must consider the jurisdictional issue and dismiss claims lacking jurisdiction. *See Je. H. v. Cnty. L.A. Dept. Child. & Fam. Servs.*, No. CV 14-9874(CAS)(JC), 2015 WL 1967234, *1 (C.D. Cal. Apr. 27, 2015); Fed. R. Civ. P. 12(h)(3). Without subject matter jurisdiction, a court may take no action with respect to the

matter but dismissal. Fed.R.Civ.P. 12(h)(3). Accordingly, staying this matter constitutes a judicial mistake solely as the stay is applied to SafeGraph's Motion to Dismiss for lack of subject matter jurisdiction and relief under Rule 60(b) is appropriate.

### III.     LEGAL ARGUMENT

**A.     The Court May Not Stay Plaintiffs' Claims Against SafeGraph for Lack of Subject Matter Jurisdiction.**

Staying Plaintiffs' claims against SafeGraph where jurisdictional issues were presented in SafeGraph's Motion to Dismiss, and where no pending or parallel case bears upon the resolution of those jurisdictional issues, constitutes a mistake or other grounds necessitating relief under Rule 60(b). Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* If the non-moving party fails to meet its burden, the court *is required* to dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Kurshan v. Safeco Ins. Co. of Am.*, 653 F.Supp.3d 749, 754 (E.D. Cal. Jan. 27, 2023); *Lengen v. General Mills, Inc.*, 185 F.Supp.3d 1213, 1217 (E.D. Cal. May 5, 2016); *Li v. Chertoff, et al.*, 482 F.Supp.2d 1172, 1175-76 (S.D. Cal. Apr. 2, 2007).

Rule 12(h)(3) makes clear that dismissal is mandated when subject matter jurisdiction does not exist: "[i]f the court determines *at any time* that it lacks subject matter jurisdiction, the court *must* dismiss the action" (italics added). Because subject matter jurisdiction is a threshold issue, courts must address subject matter jurisdiction prior to issuing any litigation stay. *See* Fed. R. Civ. P. 12(h)(3); *see also Goldstein v. Astrue*, No. 11-CV-898-PSG, 2012 WL 10545, *2 (N.D. Cal. Jan. 3, 2012) (denying motion to stay case over which it lacked subject matter jurisdiction); *Burk v. Food & Drug Admin.*, RDB-19-73, 2019 WL 2010195, at *2 (D. Md. May 6, 2019) (relying on Fed. R. Civ. P. 12(h)(3) the court denied plaintiff's request for a stay and granted the defendant's motion to dismiss, explaining that "no longer [having] subject matter jurisdiction over this matter, obviate[es] any need for [the purpose of the requested stay]"); *Rogers v. Dobbs*, RBH-20-66, 2021 WL 267826, at *4, n. 5 (D.S.C. Jan. 27, 2021) (holding that "a stay is improper given the lack of subject matter jurisdiction over Petitioner's [habeas] petition") (*citing United States v. Wheeler*, 886 F.3d 415, 423

(4th Cir. 2018); Fed. R. Civ. P. 12(h)(3); *Gill v. United States*, MLW-5-10309, 2009 WL 3152892, at *4, n.1 (D. Mass. Sept. 25, 2009) ("[a]s the court has determined that it lacks subject matter jurisdiction, the court must dismiss this case rather than stay the proceeding pending the Secretary of Labor's determination of FECA coverage.") (citing Fed. R. Civ. P. 12(h)(3)). In *Goldstein*, this Court denied a plaintiff's motion to stay proceedings, pending an underlying administrative appeals process because the defendant's motion to dismiss established the court's lack of subject matter jurisdiction. *Goldstein*, 2012 WL 10545, *1-2. This Court reasoned: "[a]lthough the court may be sympathetic to [plaintiff's]. . . arguments as to a stay, the court cannot maintain an action over which it has no jurisdiction. Subject matter jurisdiction must exist as of the time the action is commenced." *Id.* at *2.

SafeGraph's Motion to Dismiss raises arguments under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction—specifically, that Plaintiffs failed to meet their burden of establishing Article III standing against SafeGraph. *See* Dkt. 34, pp. 10-14, sec. IV.A. These arguments must be addressed regardless of the *Cody* appeal or any other parallel proceeding that is irrelevant as to this Court's jurisdiction over Plaintiffs' claims against SafeGraph. If the *Cody* case *could* have an impact on the lack of subject matter jurisdiction argument, staying Plaintiffs claims against SafeGraph in this case may be proper. *See Camacho v. Hydroponics*, No. EDCV 20-980 JGB (KKx), 2021 WL 940318, *2 (C.D. Cal. Mar. 10, 2021) (finding it proper to stay litigation where subject matter jurisdiction was disputed to allow for resolution of a pending appeal in a related case where the questions presented on appeal were dispositive as to subject matter jurisdiction in the stayed case); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (courts have power to stay proceedings "which bear upon the case").

But the substantive history of the *Cody* case and the Ninth Circuit's *Cody* Order make clear that the multiplicity of other litigation between Plaintiffs and the County have no implications concerning lack of subject matter jurisdiction as to SafeGraph. Because Plaintiffs failed to establish standing against SafeGraph and because the Ninth Circuit's decision makes clear that *Cody* has no bearing on the jurisdictional deficiencies in Plaintiffs' complaint against SafeGraph, SafeGraph respectfully requests this Court grant SafeGraph relief from the Stay Order under Rule 60(b) for the

sole purpose of ruling on SafeGraph's jurisdictional arguments and dismissing it from the case. *See Goldstein*, *supra*, 2012 WL 10545, *1-2.

### B.  The Issues Raised in the *Cody* Appeal Are Not Relevant to the Jurisdictional Arguments Raised in SafeGraph's Motion to Dismiss.

SafeGraph's Motion to Dismiss challenges the Plaintiffs' failure to establish subject matter jurisdiction, specifically as to Plaintiffs' allegations that the alleged collection of data by Google and various application companies, who then licensed that data to SafeGraph, violated their Fourth and First Amendment rights. These jurisdictional issues are not implicated in the *Cody* case or the parallel state proceeding as those cases relate only to the County's COVID-19 public health orders–not the alleged data collection at issue in this case. Thus, the resolution of the *Cody* appeal has no bearing on the resolution of SafeGraph's facial and factual challenges to subject matter jurisdiction. The Ninth Circuit has issued its Order affirming the *Cody* Court's dismissal and abstention order, which in no way impacts SafeGraph or its Motion.

A continued Stay of this matter is also inappropriate because SafeGraph is not a party in the *Cody* case. In *Meras Engineering, Inc. v. CH20, Inc.*, No. C-11-0389 EMC, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013) the defendant sought to stay the litigation proceedings before this Court while a separate, related matter proceeded in a Washington court. *Id.* at *3. The defendant was a party to the Washington case, but the plaintiff was not. *Id.* at *4. The plaintiff opposed the stay, arguing it would be harmed if it were forced to wait to proceed with litigation until a separate matter, with which it had no involvement, concluded. *Id.* at *4-5. Concluding that the plaintiff would be harmed by the stay and the defendant would not be harmed by a denial of the stay, this Court denied the defendant's request to stay the matter. *Id.; see also Lecor, Inc. v. U.S. Dist. Court for Central Dist. Of Cal.*, 502 F.2d 104, 106 (9th Cir. 1974) (reversing stay of case while separate proceedings progressed when the plaintiffs in the stayed matter "are not parties to, nor will they be bound by the [separate] court proceedings.").

*Meras* is instructive. Like *Meras*, the stay here was based on the pending *Cody* appeal proceeded.  As was the situation in *Meras*, SafeGraph is not a party to the separate proceeding and the ruling in the separate proceeding will have no bearing on the litigation involving SafeGraph.

Staying a ruling on SafeGraph's Motion will only delay this matter to SafeGraph's detriment, as the *Cody* appeal will have no effect on the Motion and SafeGraph will have to raise the same arguments once the stay is lifted.

### C. Maintaining the Stay Would Impose an Inequitable Burden on SafeGraph by Forcing it to Wait for the Resolution of a Separate Matter to Which it is Not Even a Party.

Rule 60(b)(6) permits the Court to grant a party relief from an order for "any other reason that justifies relief." SafeGraph has already been forced to sit idly in this litigation pending the appeal of the *Cody* case to the U.S. Court of Appeals for the Ninth Circuit. The Ninth Circuit's *Cody* Order confirms the appeal has no bearing on SafeGraph's subject matter jurisdiction arguments in this case and does not involve SafeGraph whatsoever. Plaintiffs and the County have expressed their intent to seek an additional stay of this matter pending Plaintiffs' request for review of the *Cody* Order. An additional stay would impose an inequitable burden on SafeGraph and may not be the final stay request. The *Cody* case before the Northern District of California is itself delayed pending resolution of the underlying state Superior Court proceedings. If the Plaintiffs and the County seek an additional stay of this matter pending resolution of the entire *Cody* case, SafeGraph could be standing by in this litigation for years, incurring administrative costs to comply with the litigation hold in this case.

SafeGraph is being held hostage to an appeal in which it is not a party. The resolution SafeGraph seeks through its Motion is jurisdictional. Anything that happens in the *Cody* matter has no bearing on the jurisdiction question here. As Plaintiffs and the County are parties to the *Cody* case, staying a ruling on *their* motions in this case, while ruling on SafeGraph's Motion is the only equitable result.

### IV. CONCLUSION

Defendant SafeGraph respectfully requests this Court grant its Motion for Relief From Stay Order Pursuant to Federal Rule of Civil Procedure 60(b) solely for purposes of resolving, and dismissing, Plaintiffs' failure to establish this court's subject matter jurisdiction over its claims against SafeGraph.

Dated: May 6, 2024

KAUFMAN DOLOWICH, LLP

By: /s/ Aimee G. Hamoy
AIMEE G. HAMOY
Attorneys for Defendant
SAFEGRAPH, INC.