TONY LOPRESTI, County Counsel (S.B. #289269)
ROBIN M. WALL, Lead Deputy County Counsel (S.B. #235690)
XAVIER M. BRANDWAJN, Deputy County Counsel (S.B. #246218)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
robin.wall@cco.sccgov.org
xavier.brandwajn@cco.sccgov.org

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

| | |
|---|---|
| CALVARY CHAPEL SAN JOSE; a California nonprofit corporation; PASTOR MIKE MCCLURE, an individual,<br><br>                    Plaintiffs,<br><br>v.<br><br>SANTA CLARA COUNTY; and DANIEL E. HO;<br><br>                    Defendants. | No. 23CV04277 VC<br><br>**DEFENDANT COUNTY OF SANTA CLARA'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY**<br><br>Date:      April 17, 2025<br>Time:     10:00 a.m.<br>Judge:    The Hon. Vince Chhabria<br>Ctrm:    4 – 17th Floor |

# I.    INTRODUCTION

Plaintiffs' belated motion to lift the February 15, 2024 stay should be denied.  First, Plaintiffs' motion is directed to a stay that has already been superseded by the August 29, 2024 minute order of this Court.  Pursuant to that more recent minute order, the current case is "to remain stayed pending the adjudication of the state court case" and not Plaintiffs' unsuccessful interlocutory appeal to the Ninth Circuit from the proceedings before the Honorable District Judge Beth Labson Freeman in *Calvary Chapel San José. et al. v. Cody, et al.*, No. 20-cv-3794.  Because that state court case—the state court civil enforcement action—remains pending on appeal to the state Court of Appeal for the Sixth Appellate District, the grounds for the August 29 stay continue to exist, and the stay should not be lifted.

Second, the stay remains appropriate given the interrelationships between and among the three pending COVID-19 cases: this case, the state court civil enforcement case, and the federal case before Judge Freeman (which also remains stayed pending the outcome of the state court case).  Plaintiffs have alleged a connection between this case and the state court case—i.e., that the County of Santa Clara[1] (County) conducted "geofencing" to use in that enforcement proceeding; and Plaintiffs' First Amended Complaint is based on litigation conduct before Judge Freeman—i.e., an expert report prepared for and disclosed in those proceedings.  As the County has previously argued before this Court, Plaintiffs have split their claims challenging the County's efforts to protect its residents from the COVID-19 pandemic across two different federal actions; and they have asserted many of the same arguments in defending against the state court case as well.  Given the overlapping subject matter and contentions in the three COVID-19 cases, continuing the stay will minimize the burden on the courts, the County, and Plaintiffs of litigating in parallel, and potentially simplify the resolution of the parties' disputes.

Third, and finally, the current circumstances—including Plaintiffs' almost seven-month delay in bringing this motion and the fast-upcoming April 10, 2025 oral argument in the state court

---

[1] Counsel for the County also represent Professor Dan Ho, who has been named as an individual Defendant, but has not yet been required to appear in the action.

Defendant County of Santa Clara's Opposition to Plaintiff's
Motion to Lift Stay

1  appeal—do not support lifting the stay.

2      For all of these reasons, and those that follow, Plaintiffs' motion should be denied.

3  **II.    BACKGROUND**

4      Plaintiffs filed this lawsuit on August 23, 2023, and filed their First Amended Complaint

5  (FAC) on October 27, 2023.  ECF 1, 27.  On December 18, 2023, the County moved to dismiss the

6  FAC on several grounds, including that Plaintiffs' claims were impermissibly duplicative of their

7  claims before Judge Freeman and that the County was immune from liability insofar as Plaintiffs

8  were using this action to challenge litigation activity in Judge Freeman's courtroom.  *See generally*

9  ECF 33.  On February 15, 2024, the Court heard argument on the County's motion and on a motion

10  to dismiss filed by defendant Safegraph, Inc. (Safegraph), and issued an order staying the case

11  "pending the appeal in *Calvary Chapel San Jose v. Cody*, No. 20-cv-3794-BLF (N.D. Cal.)."[2]  ECF

12  57.

13      Safegraph promptly moved for relief from the stay so that its pending motion to dismiss

14  could be heard (ECF 60), and Safegraph's motion for relief was noticed for July 12, 2024, at which

15  time the Court directed the parties to file a notice of related case with Judge Freeman.  ECF 78.

16  Plaintiffs filed an administrative motion to relate the cases, which Judge Freeman denied (ECF 79);

17  and on August 29, 2024, this Court heard Safegraph's motions for relief and to dismiss (ECF 85).

18  At that hearing, Plaintiffs and Safegraph "informed the Court they [had] reached a settlement in

19  principle," and the Court issued a conditional dismissal order.  ECF 85-86.  After colloquy among

20  counsel and the Court, the Court ordered that the "[r]est of the case to remain stayed pending the

21  adjudication of the state court case," and Plaintiffs' counsel "informed the Court they intend[ed] to

22  file a motion to lift the stay."  ECF 85.

23      More than six months later—on March 12, 2024—Plaintiffs filed the present Motion.

24  //

25

26

27  ___
[2] At the time, that case had been stayed in favor of the state court civil enforcement action under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and Plaintiffs had appealed the *Younger* stay to the Ninth Circuit.  On April 16, 2024, a panel of the Ninth Circuit affirmed the *Younger* stay; and on May 23, 2024, the court denied Plaintiffs' request for rehearing *en banc*.

28

### III.    STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (stating the district court possesses "inherent authority to stay federal proceedings pursuant to its docket management powers").  "A district court 'may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'"  *In re PG&E Corporation Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)).  "The decision to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"  *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  In the exercise of its sound discretion regarding whether to stay a pending proceeding, the district court should weigh any competing interests concerning the stay, including: "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'"  *Id.* (citation omitted); *see also CMAX*, 300 F.2d at 268. "[A] district court does not abuse its discretion by staying litigation for efficiency reasons pending resolution of other related proceedings."  *In re PG&E*, 100 F.4th at 1086 (listing and discussing cases).

### IV.    ARGUMENT

#### A.    PLAINTIFFS' MOTION IS DIRECTED AT THE WRONG ORDER

Plaintiffs argue that the Court should lift its February 15, 2024 stay order because the Ninth Circuit appeal has been "decided and resolved, with the Ninth Circuit affirming Judge Freeman's ruling."  ECF 89 at 4.  But the February 15 stay order was superseded—both temporally and logically—by the Court's August 29, 2024 minute order that continued the stay "pending the adjudication of the state court case."  ECF 85.  Because the state court case remains pending, the circumstances supporting the stay remain unchanged, and the stay should not be lifted.  Plaintiffs'

cited authorities, which contemplate a change in the underlying circumstances, are not to the contrary. *See, e.g.*, ECF at 4 (citing *Robert Bosch Healthcare Sys., Inc. v. Cardiocom LLC*, No. 14-CV-01575-EMC, 2017 WL 6939167, at *1 (N.D. Cal. Mar. 16, 2017) ("A court may lift the stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate.").

Plaintiffs attempt to anticipate this issue by asserting that the earlier February 15 order is "controlling," but they offer no facts or law to support that conclusion. ECF at 5. To the contrary, Plaintiffs' assertion runs counter to, and is contradicted by, the record. Based on the chronology of events and the parties' colloquy before the Court, the August 29 minute order plainly contemplated and took into consideration:

- the prior May 23 conclusion of the Ninth Circuit appeal;
- Judge Freeman's prior July 23 order on the administrative motion to relate the cases; and
- the ongoing and essential interrelationship between the state court enforcement proceeding, the stayed case before Judge Freeman, and this case.

*See* ECF 85.

Plaintiffs' Motion offers no explanation regarding why the August 29 modification of the stay to track the state court case is not the controlling order here. In fact, the Court's modification of the stay logically followed from the developments in the two other COVID-19 cases. After the Ninth Circuit affirmed the *Younger* stay, the case before Judge Freeman remained stayed pending the conclusion of the state court case; and it made logical sense to align the stay here, particularly because of the connection with the state civil enforcement action that Plaintiffs specifically allege in their FAC. *See, e.g.*, ECF 27 at 2:21-24 ("The County sought to use the information in its ongoing state enforcement action against the County filed in the Santa Clara County Superior Court.").

## B.    THE DISCRETIONARY FACTORS WEIGH IN FAVOR OF THE STAY

Plaintiffs have not (1) identified any damage or prejudice that will result from continuing the stay; (2) addressed the burden that lifting the stay would impose on the parties and the courts; or (3) explained how efficiency concerns and the orderly course of justice weigh in favor of lifting the stay. *See generally* ECF 89. Accordingly, they have shown no basis for the relief that they seek;

Defendant County of Santa Clara's Opposition to Plaintiff's
Motion to Lift Stay

23CV04277 VC

1  and their motion warrants denial on that basis alone.  *See, e.g.*, *In re PG&E*, 100 F.4th at 1085.

2         In fact, the traditional factors weigh in favor of continuing the stay.  First, as Plaintiffs

3  implicitly concede, there is no potential damage or prejudice to Plaintiffs to avoid by lifting the stay.

4  The alleged conduct at issue—whether during 2020-2021 in the midst of the COVID-19 global

5  pandemic, or in Judge Freeman's courtroom in November 2022—is long past, and there is no current

6  exigency.

7         Second, proceeding in this case—while the state court case is pending and while the case

8  before Judge Freeman is stayed—will unnecessarily burden the County.  There are obvious overlaps

9  between the three COVID-19 cases—both as pleaded by Plaintiffs and argued by the County in its

10 most recent motion to dismiss.  *E.g.*, ECF 17 at 2:21-24, ECF 33 at 1-9.  Notably, Plaintiffs' action is

11 but the latest chapter in a seemingly never-ending series of complaints about the County, its elected

12 officials, and its legal and public health officers, arising from the County's enforcement of its (now

13 long rescinded) COVID-19 related public health orders.  And Plaintiffs' claims are based on the

14 County's reliance on an expert—who is individually named as a Defendant in the FAC—in the still-

15 pending litigation before Judge Freeman.  The resolution of the pending appeal in the state court

16 case is likely to narrow the issues before Judge Freeman and this Court, particularly insofar as

17 Plaintiffs continue to allege that the civil enforcement action and this lawsuit are related.  Moreover,

18 once the state court judgment is final, and the stays in the Freeman action and this Court are lifted—

19 and if this case survives the County's pending motion to dismiss—there are almost certain to be

20 issues regarding the coordination of discovery and argument on the overlapping facts and issues in

21 the COVID-19 cases.  In these circumstances, it is appropriate to continue the stay.  *See, e.g.*,

22 *CMAX*, 300 F.2d at 268-70 (affirming stay where plaintiff sought only damages and an independent

23 proceeding would help resolve the dispute); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708

24 F.2d 1458 (9th Cir. 1983) (affirming stay pending arbitration).  Plaintiffs offer no reason or

25 argument why the parties should proceed piecemeal at this late date.

26        Plaintiffs also argue that Judge Freeman's decision on the administrative motion to relate the

27 cases should be dispositive with respect to whether the stay should be continued.  ECF 89 at 4-5.

28 This is incorrect.  As a matter of law, the Court "may stay a case 'pending resolution of independent

1  proceedings which bear upon the case,'" and, as the Ninth Circuit has "clarified," "'the issues in

2  such [independent] proceedings' do not need to be 'necessarily controlling of the action before the

3  [district] court.'"  *In re PG&E*, 100 F.4th at 1086 (quoting *Leyva v. Certified Grocers of California,*

4  *Ltd.*, 593 F.2d 857, 863-64 (1979)).  Moreover, the fact that Judge Freeman concluded on Plaintiffs'

5  motion that the two federal cases could be "'conducted before different Judges'" (ECF 79 (citation

6  omitted) does not resolve the stay question, nor does it speak to the relationship between the state

7  civil enforcement action and the alleged geofencing in support of that action at issue in this case.

8  ### C.    CURRENT CIRCUMSTANCES WEIGH IN FAVOR OF THE STAY

9           Plaintiff wholly omits any discussion of the current circumstances surrounding their motion

10  that weigh heavily against lifting the stay.  First, Plaintiffs delayed more than six months in bringing

11  their motion, which strongly suggests—if it does not implicitly admit—the lack of any urgency or

12  exigency to the relief that they are seeking.

13          Second, the argument on Plaintiff's appeal from the judgment in the state court action is

14  currently set for the morning of April 10, 2025—it is just ***one month away***.  Given the recent

15  experience of the undersigned's Office in recent appeals, it is not unreasonable to assume that the

16  parties will see an order on the appeal within about one month of the argument.  That means that,

17  depending on the ruling by the Court of Appeals, the state court judgment against Plaintiffs may be

18  final, and the state court case concluded, ***just two months from the filing of this opposition***.  The

19  same reasons for initially imposing a stay in this case compel waiting just two more months to take

20  stock of the decision on the state court appeal and determine how best—and most efficiently—to

21  proceed in the three COVID-19 cases involving these parties.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

7

1

**V.    CONCLUSION**

2          For the foregoing reasons, the County respectfully requests that the Court deny Plaintiffs'

3    motion to vacate the stay in this case.

4

5    Dated:  March 26, 2025                    Respectfully submitted,

6                                             TONY LOPRESTI
                                             COUNTY COUNSEL
7

8                                       By:  */s/ Robin M. Wall*
                                             ROBIN M. WALL
9                                            Lead Deputy County Counsel

10                                           Attorneys for Defendant
                                             COUNTY OF SANTA CLARA
11   3235654

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8